UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


COREY LARON THOMPSON,

                Petitioner,                        CASE NO. 2:16-cv-14353
v.                                      HONORABLE DENISE PAGE HOOD

MARK McCULLICK,

                Respondent.

_____/

**OPINION AND ORDER
DENYING THE PETITION FOR WRIT OF HABEAS CORPUS,
GRANTING IN PART A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter has come before the Court on Corey Laron Thompson's *pro se*

habeas corpus petition under 28 U.S.C. § 2254. Petitioner challenges his convictions

for four drug offenses and four weapon offenses. He alleges that the trial judge

deprived him of a fair trial by disclosing unfavorable evidence and failing to excuse

three jurors for cause, the police delayed his arrest to increase his sentence, the

prosecutor admitted unauthenticated photocopies in evidence, his trial attorney was

ineffective for failing to make certain objections and raise a claim about the delay in

Petitioner's arrest, and there was insufficient evidence supporting his convictions for

possessing a gun. Having reviewed the record, the Court finds that these claims do

not warrant habeas corpus relief. The petition will be denied.

# I. Background

Petitioner was charged with drug and firearm offenses in Huron County, Michigan. In case number 13-305653, he was charged with delivery of less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv). This charge arose from a controlled drug buy in Bad Axe, Michigan on January 9, 2013.

In case number 13-305652, Petitioner was charged with seven crimes: delivery of less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv); possession with intent to deliver less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iv); possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv); felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and three counts of possessing a firearm during the commission of a felony, third offense, Mich. Comp. Laws § 750.227b. Those seven charges arose from a controlled drug buy in Bad Axe on January 13, 2013.

Petitioner was tried before a jury in Huron County Circuit Court. The Michigan Court of Appeals summarized the evidence as follows:

> Defendant was arrested after Bad Axe police officers conducted two controlled drug buys from defendant, using an informant who had prior contact with defendant. After the later of the two drug buys, police obtained a warrant to search the apartment where the informant said she had purchased the drugs. The informant said she knew defendant would be at the apartment on those evenings because he would call her and tell her when he was making trips from Detroit to sell drugs.

The officers returned that night to execute the warrant, and spotted defendant driving away with another person in an SUV. The officers pulled defendant's vehicle over and placed him under arrest. The officers found multiple bags of heroin and cocaine in defendant's vehicle, and within reach of the driver's seat. A subsequent inspection of the vehicle later that evening revealed a loaded handgun underneath the seat behind the driver's seat. The officer who discovered the gun said it was not in plain view, and that he discovered it beneath a covering when he folded up the second row seats to gain access to the vehicle's third row of seats. Defendant's fingerprints were not found on the gun, and the vehicle was not registered in his name.

*People v. Thompson*, No. 318694, 2015 WL 213299, at *1 (Mich. Ct. App. Jan. 15, 2015) (unpublished).

Petitioner did not testify or present any witnesses. His defense was that the prosecution had not proved its case. Defense counsel argued to the jury that the informant was a liar, that there was no evidence Petitioner possessed the gun seized by the police, and that Petitioner happened to have the "buy money" on him because the informant gave the money to her boyfriend who handed the money to Petitioner to pay a debt.

On July 3, 2013, the jury found Petitioner guilty of all the charges. The trial court sentenced Petitioner as a fourth habitual offender to three years, two months to twenty years for the drug crimes, a concurrent sentence of one year, ten months to twenty years for the felon-in-possession conviction, and a consecutive term of ten years for the felony-firearm convictions.

In an appeal filed through counsel, Petitioner raised two sentencing claims and a challenge to the sufficiency of the evidence supporting the firearm convictions. In a *pro se* supplemental brief, Petitioner made six additional arguments, claiming that:

(1) the trial court deprived him of a fair trial when the court disclosed to the jury panel that Petitioner was previously convicted of armed robbery or possession of a controlled substance, and defense counsel was ineffective for failing to object;

(2) the trial court deprived him of his right to a fair trial by not excusing three jurors for cause during *voir dire*, and defense counsel was ineffective for failing to object;

(3) law enforcement officers delayed his arrest for the conduct committed on January 9, 2013, to escalate his sentencing liability, and defense counsel was ineffective for failing to raise this issue in a pretrial motion to dismiss the charges arising from the incident on January 13, 2013;

(4) he was denied his right to present a defense of actual innocence when the prosecutor admitted unauthenticated photocopies of the money used in the drug transactions, and defense counsel was ineffective for failing to object to the admission of the photocopies;

(5) The cumulative effect of defense counsel's errors, including his conflicts of interest and failure to (a) object to the disclosure of Petitioner's prior bad acts, (b) object to three jurors not being excused for cause, (c) raise a claim about the delay in Petitioner's arrest, and (d) object to the unauthenticated admission of photocopies, amounted to ineffective assistance of counsel; and

(6) his right to due process was violated by insufficient evidence that he possessed the gun found in the vehicle he was driving at his arrest.

The Michigan Court of Appeals rejected Petitioner's challenge to the sufficiency of the evidence, but remanded the case to the trial court so that the court could articulate the reasons for its scoring of the sentencing guidelines. *Thompson*, 2015 WL 213299, at *1, *4-*5. The Court of Appeals determined that Petitioner's *pro se* arguments were "meritless and without support in the record." *Id*. at *5.

Petitioner raised the same issues, minus the sentencing claims, in an application for leave to appeal in the Michigan Supreme Court. On September 9, 2015, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Thompson*, 498 Mich. 872; 868 N.W.2d 899 (2015).

On December 6, 2016, Petitioner signed his habeas petition, and on December 14, 2016, the Clerk of the Court filed the petition. Petitioner alleges as grounds for relief that:

> (1) the trial court deprived him of his Sixth Amendment right to a fair trial by disclosing to the jury panel that he had been convicted of armed robbery or possession of a controlled substance;
>
> (2) the trial court deprived him of a fair trial by not excusing three jurors for cause during *voir dire*;
>
> (3) law enforcement officials deprived him of his constitutional right to due process of law by delaying his arrest for the purpose of escalating his sentencing liability;
>
> (4) the prosecutor deprived him of his Sixth Amendment right to present a defense of actual innocence to the delivery charge by

admitting in evidence unauthenticated photocopies of the drug-buy money as proof of the delivery element;

(5) trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel; and

(6) there was insufficient evidence that he possessed the gun found beneath the car's back seat.

The Court has looked to Petitioner's state appellate briefs for a fuller discussion of these claims.

The State argues that: Petitioner's evidentiary claims are not cognizable on habeas corpus review and that the evidence was admissible in any event; the United States Supreme Court has never established a claim of sentencing-entrapment; and the state appellate court's rejection of Petitioner's other claims was not contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner replies that his claims are reviewable, meritorious, and supported by the record. He also continues to maintain that there was insufficient evidence he possessed a gun and that the police intentionally delayed his arrest until after the second controlled buy to increase his sentence.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires habeas petitioners who challenge "a matter 'adjudicated on the merits in State court' to show that the relevant state court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.' " *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (quoting 28 U.S.C. § 2254(d)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103. A state-court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to

the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III. Analysis

### A. Disclosure of a Prior Conviction

Petitioner alleges first that the trial court violated his right to a fair trial by informing the jury venire that he had a prior conviction for armed robbery or possession of a controlled substance. This issue arose during the trial court's introductory remarks to the jury panel on the first day of trial. When reading the charges to the panel, the court stated that Petitioner was charged in count four with possessing or transporting a firearm when ineligible to do so because (i) he had been convicted of armed robbery or possession of a controlled substance and (ii) the requirements for regaining eligibility had not been met. 7/2/13 Trial Tr. at 9 (Docket No. 9-6, PageID. 322). Petitioner asserts that evidence of other acts can be unfairly prejudicial and that the trial court's disclosure of his prior criminal acts had none of the admissibility protections set forth in *People v. VanderVliet*, 442 Mich. 52; 508 N.W.2d 114 (1993).

The Court may not grant the writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984). The trial court's remark, was not evidence and it was not intended to be evidence. The trial court was explaining the elements of the felon-in-possession charge.

The court subsequently explained to the jurors that they should consider only the admissible evidence when deliberating Petitioner's case and that the court's comments and instructions were not evidence. 7/3/13 Trial Tr. at 488, 490-91 (Docket No. 9-7, PageID. 802, 804-05). Because jurors are presumed to follow a court's instructions to them, *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001), and because there was no other reference to the nature of the prior convictions,[1] the trial court's brief identification of Petitioner's prior convictions did not deprive Petitioner of a fair trial.

Even if the trial court's preliminary remarks about Petitioner's prior convictions were deemed evidence, there is no clearly established Supreme Court precedent which holds that a state violates the constitutional right to due process by

---

[1] Following *voir dire*, and in the jury's absence, defense counsel expressed his concern about the trial court's mention of Petitioner's prior convictions. The parties and the trial court then agreed that the trial court would not include any specific reference to the prior convictions in its instructions to the jury. 7/2/13 Trial Tr. at 114-16 (Docket No. 9-6, PageID. 427-29). The trial court did not reveal the nature of the prior convictions in its subsequent preliminary instructions to the jury, *id*. at 119, PageID. 432, or in its final charge to the jury, 7/3/13 Trial Tr. at 498 (Docket No. 9-7, PageID. 812). The attorneys also did not mention the nature of the prior convictions when they stipulated in front of the jury that Petitioner had previously been convicted of a felony. 7/2/13 Trial Tr. at 264-65 (Docket No. 9-6, PageID. 577-78).

admitting propensity evidence in the form of prior bad acts evidence. *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). The state appellate court's rejection of Petitioner's claim, therefore, was not "contrary to" any Supreme Court decision under AEDPA, *id.*, and Petitioner has no right to relief on his claim.

## B. Failure to Excuse Jurors for Cause

Petitioner alleges in claim two that the trial court abused its discretion and deprived him of a fair trial by not excusing three jurors for cause even though the jurors knew about Petitioner's prior convictions from pre-trial publicity. The three jurors in question (Messing, Nitz, and Kaufman) deliberated Petitioner's case, *see* 7/3/13 Trial Tr. at 508, 510-11 (Docket No. 9-7, PageID. 822, 824-25), and Petitioner maintains that their presence on the jury could explain why the jury returned its guilty verdict in approximately an hour and twenty-four minutes.

### 1. Clearly Established Federal Law

The Sixth Amendment to the United States Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . an impartial jury." U.S. CONST. amend. VI. This right "is applicable to the states via the Fourteenth Amendment," *Dennis v. Mitchell*, 354 F.3d 511, 520 (6th Cir. 2003), and the failure to accord an accused a fair hearing before a panel of impartial jurors violates even the minimal standards of due process. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). But the requirements of due process are satisfied if the jury is "capable and willing to

decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). To prove a Sixth Amendment violation of the rights to a fair trial and an impartial jury, a habeas petitioner must demonstrate actual prejudice. *Ewing v. Horton*, 914 F.3d 1027, 1030 (6th Cir. 2019) (citing *Lang v. Bobby*, 889 F.3d 803, 811 (6th Cir. 2018)).

### 2. Application

Juror Messing stated during *voir dire* that her brother went to high school with the prosecution's informant and that she (Messing) and the informant took a dance class together in high school. She said, however, that her contact with the informant occurred a number of years earlier and that she could treat the informant the same as any other witness. 7/2/13 Trial Tr. at 20-21 (Docket No. 9-6, PageID. 333-34). Ms. Messing had read about Petitioner's case in the newspaper, but she thought that she could decide the case based on the evidence at trial and not be influenced by what she may have read because she did not remember any details about the case. *Id*. at 22-23, PageID. 335-36. The only thing that she remembered was the informant's name because the informant was a former acquaintance of hers, but she had not seen or talked with the informant for years. *Id*. at 38-39, Page ID. 351-52.

Mr. Nitz stated that he had read about Petitioner's case in the paper months earlier, but that he did not remember any details of the case and he had not formed an opinion about the case as a result of what he read. He claimed that he could fairly

listen to the witnesses' testimony, that he could keep an open mind, and that there was no reason why he could not sit on the jury and render a fair and impartial verdict. *Id*. at 62-67, PageID. 375-80.

Mr. Kaufman worked at a radio station, but he stated that he did not know anything about Petitioner's case and did not recall hearing or reading anything about the case. He thought that he could be a fair and impartial juror, and he assured defense counsel that he could find Petitioner not guilty if the prosecutor did not carry his burden of proof. *Id*. at 99-103, PageID. 412-16.

There is no indication in the record that the three jurors knew about Petitioner's prior convictions, and their responses during *voir dire* suggest that they were willing and able to decide Petitioner's case solely on the evidence presented to them. Petitioner has failed to show that he was actually prejudiced by having jurors Messing, Nitz, and Kaufman deliberate his case, and the state appellate court's rejection of Petitioner's claim as "meritless and without support in the record" was objectively reasonable. Petitioner has no right to habeas relief on his claim.

## C. The Delayed Arrest

Petitioner alleges next that the police delayed arresting him after the first controlled buy to facilitate a second controlled buy and increase his sentencing liability. Petitioner contends that the police lacked a legitimate reason for postponing his arrest.

The Court of Appeals for the Sixth Circuit explained in *United States v. Flowers*, 712 F. App'x 492 (6th Cir. 2017), *cert. denied sub nom. Alexander v. United States*, 139 S. Ct. 135 (2018), and *cert. denied*, 139 S. Ct. 62 (2018), and *cert. denied sub nom. Maxwell v. United States*, 139 S. Ct. 63 (2018), that

> "[s]entencing entrapment is similar to the subjective theory of entrapment and 'focuses on the defendant's lack of predisposition to commit the greater offense.' " *United States v. Hammadi*, 737 F.3d 1043, 1048 (6th Cir. 2013) (citing *United States v. Strickland*, 342 Fed. Appx. 103, 107 (6th Cir. 2009)). On the other hand, sentencing manipulation "tracks the objective theory of entrapment, and 'focuses on the [g]overnment's conduct.' " *Id.* (citing *Strickland*, 342 Fed. Appx. at 107).

*Id*. at 504. "The Sixth Circuit has not yet recognized either sentence manipulation or sentence entrapment." *id*. (citing *Hammadi*, 737 F.3d at 1048), and it declined to resolve the issue in *Flowers*.

More problematic for Petitioner is the fact that the Supreme Court has not officially recognized the theory of sentencing entrapment. *United States v. Gardner,* 488 F.3d 700, 716–17 (6th Cir. 2007). Petitioner has no right to relief on his entrapment claim because "the Supreme Court precedent that formulated the defense of entrapment does not rely on [the constitutional right to] due process, and the related concept of sentencing entrapment has never been accepted by the Supreme Court." *Sosa v. Jones,* 389 F.3d 644, 647 (6th Cir. 2004). The state appellate court's rejection of Petitioner's claim, therefore, was not contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *Id*. at 645.

**D. The Photocopies of the Marked Money**

The fourth habeas claim alleges that the prosecutor violated Petitioner's right to present a defense of actual innocence by admitting unauthenticated photocopies of the "buy money" as proof that he delivered drugs to the informant. Petitioner supports his claim with state law, but "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Even if Petitioner's claim were cognizable on habeas review, it lacks merit because Detective Kevin Knoblock of the Bad Axe Police Department authenticated the "buy money" at Petitioner's trial. First, he explained that, before the second controlled buy, he photocopied the serial numbers of the four twenty-dollar bills and the two ten-dollar bills used in the drug buy on September 13, 2013. Then, he identified the money that he seized from Petitioner's wallet on September 13, 2013, and he compared $100 of that money to the serial numbers on the photocopies of the "buy money." 7/3/13 Trial Tr. at 339-40, 373-76 (Docket No. 9-7, PageID. 653-54, 687-90).

Detective Knoblock's testimony satisfied the requirement of authentication. *See* Mich. R. Evid. 901(b)(1) (authentication of evidence through the testimony of a

14

knowledgeable witness that a matter is what it is claimed to be).  The Michigan Court of Appeals, therefore, reasonably concluded that Petitioner's claim lacked merit and had no support in the record.  Petitioner is not entitled to relief on his claim.

## E.  Trial Counsel

The fifth habeas claim alleges ineffective assistance of trial counsel. Petitioner contends that his trial attorney provided ineffective assistance by failing to:  (1) object to the trial court's disclosure of Petitioner's prior bad acts; (2) object to three jurors not being excused for cause;  (3) raise a claim about the delay in arresting Petitioner; and (4) object to the admission of unauthenticated photocopies of the "buy money."  Petitioner also alleges that the cumulative effect of these errors violated his right to effective assistance of counsel under the Sixth Amendment.

### 1.  Clearly Established Federal Law

To succeed on his claim, Petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*. Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness."  *Id*. at 688.

The "prejudice" prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*.

## 2. Application

None of defense counsel's alleged omissions in Petitioner's case rose to the level of ineffective assistance. The failure to object during *voir dire* to the trial court's disclosure of Petitioner's prior convictions was not ineffective assistance, because objecting to the court's remarks would have drawn more attention to them. A strategic decision not to object to damaging remarks for fear of focusing undue attention on the remarks is reasonable. *Cobb v. Perini*, 832 F .2d 342, 347-48 (6th Cir. 1987). To his credit, defense counsel did raise the issue in the jury's absence

following *voir dire*.  The parties and the trial court then agreed not to mention the nature of the prior convictions again.

The failure to challenge jurors Messing, Nitz, and Kaufman for cause or to object to the trial court's failure to dismiss the jurors on its own motion also was not ineffective assistance.  The jurors indicated that they could be fair and would not be influenced by any information that they had read or heard about the case.

As for the delay in arresting Petitioner after the first controlled buy, there is no evidence in the record that the police delayed the arrest to increase Petitioner's sentence.  In addition,

> [t]here is no constitutional right to be arrested.  The police are not required to guess at their peril the precise moment at which they have probable cause to arrest a suspect, risking a violation of the Fourth Amendment if they act too soon, and a violation of the Sixth Amendment if they wait too long.  Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.

*Hoffa v. United States*, 385 U.S. 293, 310 (1966) (footnote omitted).  There was no argument for counsel to make.  *United States v. Prout*, 284 F. Supp. 3d 140, 154 (D. R.I. 2018).

Defense counsel's failure to object to the admission of photocopies of the "buy money" did not amount to deficient performance because Detective Knoblock authenticated the evidence.  An objection would have lacked merit, and "[o]mitting

meritless arguments is neither professionally unreasonable nor prejudicial." *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013).

Petitioner has failed to show that defense counsel's omissions amounted to ineffective assistance under the Sixth Amendment, and post-AEDPA, constitutional errors that would not individually support habeas relief cannot be cumulated to support habeas relief. *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012) (quoting *Hoffner v. Bradshaw,* 622 F.3d 487, 513 (6th Cir. 2010) (quoting *Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005)). The state appellate court's rejection of Petitioner's claim, therefore, was not contrary to, or an unreasonable application of, *Strickland*.

## F.  Sufficiency of the Evidence

In his sixth and final claim, Petitioner alleges that there was insufficient evidence to show that he possessed the gun found in the car he was driving immediately before his arrest. The state district court agreed and dismissed the felony-firearm and felon-in-possession charges at the close of the preliminary examination. *See* 2/15/13 Prelim. Examination Tr. at 125 (Docket No. 9-3, PageID. 235). The state trial court, however, reinstated the charges at the prosecutor's request. *See* 4/22/13 Arraignment and Mot. Hr'g Tr. at 23-24 (Docket No. 9-4, PageID. 260-61).

Petitioner contends that the trial court's reinstatement of the charges was due to nepotisim between the trial judge and the Detective Kevin Knoblock of the Bad Acts Police Department. Although the judge and the detective had the same surname, the judge explained at a pretrial hearing that they were not closely related and that they had no personal relationship. When defense counsel asked the judge whether he liked the detective, the judge said, "I don't have an opinion." 6/17/13 Mot. Hr'g Tr. at 32-33 (Docket No. 9-5, PageID. 300-01). Petitioner's nepotism claim lacks merit.

Petitioner, nevertheless, maintains that the evidence was insufficient because there was no evidence that he knew about the gun, had access to it, or intended to possess it. The Michigan Court of Appeals disagreed. It determined that sufficient evidence existed for a rational juror to conclude that Petitioner had constructive possession of the firearm found in his vehicle.

## 1. Clearly Established Federal Law

The critical inquiry on review of a challenge to the sufficiency of the evidence supporting a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the

> responsibility of the trier of fact fairly to resolve conflicts in the
> testimony, to weigh the evidence, and to draw reasonable
> inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citations and footnote omitted) (emphases in original).

Under AEDPA, the Court's "review of a state-court conviction for sufficiency of the evidence is very limited," *Thomas v. Stephenson*, 898 F.3d 693, 698 (6th Cir. 2018), because *Jackson* claims are "subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (*per curiam*). First, it is the responsibility of the jury to decide what conclusions should be drawn from the evidence admitted at trial. *Id.* at 650 (quoting *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (*per curiam*)). "And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* (quoting *Cavazos*, 565 U.S. at 2); *see also Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017) (stating that "two layers of deference apply [to a sufficiency-of-the-evidence claim], one to the jury verdict, and one to the state appellate court"), *cert. denied*, 138 S. Ct. 1283 (2017).

> "[T]his standard is difficult to meet," no doubt, but "that is because it
> was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).
> "[H]abeas corpus is a guard against extreme malfunctions in the state
> criminal justice systems, not a substitute for ordinary error correction

20

through appeal." *Id*. at 102-03 (internal quotation marks and citation omitted).

*Thomas*, 898 F.3d at 698.

## 2. Application

The *Jackson* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and, as the Michigan Court of Appeals explained,

> "for possessory crimes in Michigan, actual possession is not required; constructive possession is sufficient." *People v. Minch,* 493 Mich. 87, 91; 825 NW2d 560 (2012). "[A] person has constructive possession if he knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons . . . ." *Id.* at 92 (citation and internal quotation marks omitted).

*Thompson*, 2015 WL 213299, at *2. When applying these principles to Petitioner's case, the Court of Appeals noted that

> the informant testified to defendant selling her drugs from the apartment building where police officers later observed [a] vehicle leaving. Officers testified that defendant was the driver of the vehicle and that there was a loaded gun behind his seat. Officers also testified to finding numerous bags of controlled substances in the sunroof of the vehicle, directly above defendant and within his reach. The officers' and informant's testimony sufficiently established that defendant was a drug dealer and that he had sold drugs on the night the gun was found in the vehicle he was driving.

*Id*.

Although there was no evidence that Petitioner actually used or even handled the gun, it was close to both him and the controlled substances at the time of his

arrest, and the informant saw a gun in the back of the vehicle when she went with Petitioner to make a drug delivery about a week earlier. 7/2/13 Trial Tr. at 214, 235-36, 242-44 (Docket No. 9-6, PageID. 527, 548-49, 555- 57). The jury could have inferred that Petitioner knew about the gun, had access to it, and also had the power and intent to control the gun to protect himself, if the need arose, before, during, and after his drug transactions.

A rational juror could have concluded from the evidence taken in the light most favorable to the prosecution that Petitioner constructively possessed the gun found in the vehicle that he was driving at the time of his arrest. The Michigan Court of Appeals reasonably concluded that the jury's verdict was supported by sufficient evidence. Petitioner has no right to relief on his claim.

## IV. Conclusion

The state appellate court's adjudication of Petitioner's claims was not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable application of the facts. The state court's decision also was not so lacking in justification that there was an error beyond any possibility for fairminded disagreement. The Court, therefore, denies the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists could disagree with the Court's resolution of Petitioner's sixth claim regarding the sufficiency of the evidence supporting the firearm offenses. The Court, therefore, grants a certificate of appealability on the sixth habeas claim. The Court declines to grant a certificate of appealability on Petitioner's other claims because reasonable jurists could not disagree with the Court's resolution of those claims, nor conclude that the claims deserve encouragement to proceed further. Petitioner may proceed *in forma pauperis* on appeal because he was granted leave to proceed *in forma pauperis* in this Court and because an appeal of the Court's decision on his sixth claim could be taken in good faith.

s/Denise Page Hood
DENISE PAGE HOOD
CHIEF JUDGE, UNITED STATES DISTRICT COURT

Dated: June 28, 2019